IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | ) Chapter 11 |
| | ) |
| IMPERIAL ELEVATOR SERVICES, INC., | ) 10 B 45808 |
| Debtor. | ) |
| | ) |

**FINAL ORDER APPROVING USE OF CASH COLLATERAL,**
**AUTHORIZING THE DEBTOR TO MAKE PROVISIONAL ADEQUATE PROTECTION**
**PAYMENTS AND PROVIDING SECURITY TO BANK OF AMERICA**

AT CHICAGO, ILLINOIS IN SAID DISTRICT AND DIVISION
BEFORE THE HONORABLE PAMELA HOLLIS, BANKRUPTCY JUDGE
THIS 11TH DAY OF JANUARY, 2011

This matter coming to be heard on the Motion of Imperial Elevator Services, Inc., Debtor and Debtor in Possession (hereinafter, Debtor), for the Interim Authority to Use Cash Collateral, For Authority to Make Provisional Adequate Protection Payments and to Provide Security to Bank of America; the Court having examined the foregoing Motion, notice having been give; and the Court being fully advised in the premises;

THE PARTIES STIPULATE THAT:

1. On or about October 13, 2010, the Debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor has retained possession of its assets and is authorized thereby, as Debtor in Possession, to continues the operation and management of its business.

2. Bank of America (the "Bank"), claims, and the Debtor acknowledges and agrees, that the Bank has a valid lien upon all property of the Debtor existing as of the date of the filing of the petition herein including, but not limited to, accounts receivable, inventory, and

the cash proceeds thereof, machinery, equipment, inventory and other general business assets.

3. An immediate need exists for the Debtor to use cash collateral in order to continue the operation of its business. Pursuant to 11 U.S.C. § 363, the proceeds of accounts receivable, contract rights, inventory, and general intangibles are cash collateral. For the period through and including October 31, 2010, the Bank will consent to the Debtor's use of a limited amount of cash collateral provided that the Bank is granted adequate protection pursuant to 11 U.S.C§ 361.

4. The Debtor has agreed to and does grant to the Bank a replacement lien on all post-petition property of the Debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Bank's pre-petition lien. The Debtor shall not enter into any new contracts, even if deemed in the ordinary course of business, without giving five business days notification of same to the Bank.

5. Pursuant to 11 U.S.C. § 361, the Debtor has agreed to pay the Bank provisional monthly periodic payments equal to the amount set forth in the parties prepetition notes, and approximately $6,000.00 per month. The first of said payments becoming due on October 15, 2010 and due and payable on the fifteenth day of each month thereafter in order to protect the secured interest of the Bank.

6. The liens granted herein to the Bank shall be valid, perfected, and enforceable without any further action by the Debtor or the Bank, and without the execution or recordation of any financing statements, security agreements, or other documents.

7. The relief granted hereby shall not preclude the Bank from seeking additional relief or protection.

IT IS THEREFORE ORDERED:

A. The Debtor is granted final authority to use Bank of America's cash collateral upon the terms set forth in this Order, pursuant to the attached budget;

B. Bank of America hereby granted a replacement lien on all postpetition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Bank's pre petition lien.

C. Prior to confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Bank provisional monthly periodic payments equal to the amount set forth in the parties' prepetition notes, and approximately $6,000.00 per month. Said payments will be applied to the Debtor's indebtedness as set forth in the prepetition loan documents. The payments and liens authorized and granted hereunder shall not preclude the Bank from seeking additional relief, nor shall this order be deemed to limit the rights of the Bank.

D. At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of their machinery, furniture, and inventory, and shall name the Bank as an additional insured and loss payee.

E. All payments made pursuant to this order shall be timely mailed to the Bank at the following address previously used by the Debtor.

Date: JAN 11 2011        ENTER:

_____
United States Bankruptcy Judge